IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PASCAL J. DUBOIS,

    Plaintiff,
v.                                                           CASE NO. 1:11-cv-220-MP-GRJ

EDWIN BUSS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff Pascal J. DuBois, an inmate presently in the custody of the New Jersey Department of Corrections, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper (Docs. 1 and 2). Plaintiff alleges that he was incarcerated at Union Correctional Institution in Raiford, Florida, for two years pursuant to the Interstate Compact on Corrections, and that while he was incarcerated at Union he was exposed to environmental tobacco smoke (ETS) in violation of his Eighth Amendment rights. Plaintiff alleges that he filed grievances complaining about the exposure to ETS, and that following his complaints he was transferred to a prison in New Jersey, where he is now confined in close custody. For relief, Plaintiff seeks two million dollars in compensatory damages and unspecified punitive damages. Doc. 1.

       A review of Plaintiff's previous federal cases reflects that he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state

a claim upon which relief may be granted.¹ Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff alleges that he is in imminent danger of serious physical injury by virtue of his confinement in close custody in New Jersey. Plaintiff alleges that he is in protective custody because in 2007 he assisted the State of New Jersey in solving a homicide case by providing information that implicated another county jail inmate in the crime. Doc. 1.

According to the Eleventh Circuit, the relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a

---

¹ *See, e.g., Dubois v. Lanigan*, Case No. 11-2027 (D. N.J. 8/31/11), Doc. 3 (imposing three strikes bar and listing five previous cases that qualify as strikes); *Dubois v. Cicchi*, Case No. 07-475 (D. N.J. 5/21/07), Doc. 6 (imposing three-strikes bar and listing previous cases that qualify as strikes). The Court has independently confirmed that Plaintiff has at least three strikes. Plaintiff failed to disclose these strikes as required on the prisoner civil rights complaint form, and accordingly this case is also due to be dismissed for abuse of the judicial process. In addition, the events underlying the Complaint occurred at Union C.I., which is within the jurisdictional confines of the Middle District of Florida, and the only proper defendants would be located at Union C.I. Thus, venue is improper in this Court.

prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the complaint as a whole, the Court is not persuaded that Plaintiff is in imminent danger of serious physical injury. Plaintiff concedes that he is in protective custody, and thus his allegations do not reflect that he is facing any real or proximate threat. Further, the allegations of the Complaint concern past exposure to ETS, and such allegations bear no relationship to Plaintiff's current protective-custody status. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v.*

*Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED**:

1.  That leave to proceed as a pauper be **DENIED.**

2.  That pursuant to 28 U.S.C § 1915(g), this case be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** this 14th day of October 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.